### BOIRE v. McDOWELL.

(Supreme Court, Appellate Division, Third Department.· May 23, 1905.)

EXCHANGES—CONTRACT—TERMS—EVIDENCE.
　　In an action to recover "boot money" given by plaintiff on ·a horse· trade with defendant, evidence *held* not to show an agreement to trade back in case of plaintiff's dissatisfaction, or that the parties had traded back.

Appeal from Special Term, Clinton County.

Action by Alexander Boire against John McDowell. From a judgment for plaintiff affirming a judgment of a justice, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Botsford & Merrihew (John M. Tierney, of counsel), for appellant.

W. H. Dunn, for respondent.

CHASE, J. Plaintiff's son, acting for the plaintiff, exchanged with the defendant a black mare and $25 for a bay horse. Some time thereafter plaintiff, not being satisfied with the trade, left the bay horse with the defendant and took the black mare, and then brought this action to recover the $25. There is some evidence in regard to a warranty by the defendant as to the bay horse, but this action is not brought for a breach of warranty. The complaint alleges that defendant made certain representations as to the bay horse, and agreed "that plaintiff might take him and try him, and, if dissatisfied in any way, that he might return him to defendant, and that he would return to plaintiff what plaintiff had given him in exchange"; and that the trade was made with the understanding that if the horse "proved as warranted, and plaintiff should be satisfied with said horse, that the same should be considered a trade and exchange." The complaint further alleged that the horse was

not sound, and that "the plaintiff tendered back said horse in as good condition to defendant, and thereupon demanded the return to him (plaintiff) of his said mare and $25; that the defendant received back his said horse, returned to plaintiff his said mare, but refused to deliver over or pay back to plaintiff said sum of $25, or any part thereof, so paid to him (defendant), and still withholds the same from plaintiff." The testimony of the defendant and his witnesses is wholly in conflict with the plaintiff's claim, and the testimony of the plaintiff and his witnesses wholly fails to sustain the plaintiff either in his claim that he reserved the right, if he was dissatisfied, to trade back at any time after trying the horse, or that the parties ever voluntarily traded back. The testimony of plaintiff's son, who made the trade, relating to the agreement to trade back, is as follows:

"Defendant let out the horses again. I asked defendant how he would trade. Said '$25 to boot.' Told him if his horse was all right, would give it to him. We traded, and I gave him the $25. Defendant said, 'Are you going right home?' Told him going to Plattsburgh and home the next day. Said, 'When you come along to-morrow, if you don't like this horse, drive up here.' * * * Defendant told me, on my way back from Plattsburgh, if I wasn't satisfied when I got back to the Corners, to drive up to his place."

The young man did not return the next day, and when he returned he did not stop at the defendant's. Some days thereafter one of plaintiff's sons went to the defendant to trade back, and, referring to the horse and conversation with defendant, testified that:

"Defendant wouldn't trade back the way he was. Said if I would take him home, keep him two or three weeks, and his wind was all right, he would give me the colt. I told him if he would give me the money back and the colt, we would trade. Defendant wouldn't do it."

Plaintiff's two sons went again to the defendant, and the testimony relating thereto, including some testimony about a new trade of plaintiff's black mare for a colt, is as follows:

"Defendant said: 'Boys, we have traded horses once. You are back here again. We will trade again and be done with it.' Defendant wanted to trade the colt, and Tom didn't want to. Tom told defendant he wanted the black mare back and $15, and he would lose the $10. Defendant said he wouldn't do it. I hitched up, and when I got to the road the defendant stopped me, and said, 'If you can talk this colt in your father, come back, and I will give you a good trade.' Defendant returned the mare, but refused to return the $25. The first time I was down on Tuesday. The second time, I think, was Thursday. I think it was Wednesday my brother Tom went down. * * * Defendant said I could take the colt or black mare, but wouldn't pay back any of the boot money."

The judgment should be reversed, with costs in this court and in the County Court. All concur.